# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PARTIDA GAONA, | 1:06-cv-00865-AWI-SMS-PC |
|     Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, FOR THE LIMITED PURPOSE DISCUSSED IN THIS ORDER, WITHIN THIRTY DAYS |
| v. | |
| KUSHNER, et al., | (Doc. 25.) |
|     Defendants. | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

## I.  BACKGROUND

Plaintiff Martin Partida Gaona ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on July 10, 2006.  (Doc. 1.)  On May 13, 2008, the court dismissed plaintiff's complaint with leave to amend.  (Doc. 21.)  On July 10, 2008, plaintiff filed the first amended complaint.  (Doc. 24.)  On September 11, 2008, plaintiff filed a motion to amend the complaint.  (Doc. 25.)  The motion to amend is now before the court.

## II.  RULE 15(a) - MOTION TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Here, plaintiff has already amended the complaint once, and no adverse party has appeared in this action.  Therefore, plaintiff requires leave of court to amend his complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### A.    Official Capacity and the Eleventh Amendment

Plaintiff requests leave to amend the complaint to add one sentence after the list of the defendants' names, "Defendants are being sued in their individual and official capacity."  In the first amended complaint, plaintiff brings claims under § 1983 against defendants who are all state officials, employees of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison.  Plaintiff requests money damages and injunctive and declaratory relief.

Plaintiff is advised that the Eleventh Amendment bars damages actions under section 1983 against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).  For this reason, if plaintiff brings a damages claim against state officials in their official capacity, the claim will not be cognizable and will be dismissed from this action.  "However there is one exception to this general rule: When sued for *prospective injunctive relief*, a state official in his official capacity is considered a "person" for § 1983 purposes." Doe, 131 F.3d at 839.  "[A] suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity." Id. (*citing* Young, 209 U.S. 123 (1908))

The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena, 976 F.2d at 472.  "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988).  Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily

implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

### III.  DISCUSSION

Plaintiff has requested leave to amend the complaint for a very limited purpose, to add information about whether he is suing defendants in their official and/or individual capacity . The court finds no evidence that this limited amendment prejudices the opposing party, is sought in bad faith, produces an undue delay in the litigation, or is futile. Therefore, plaintiff shall be granted leave to file a second amended complaint for this limited purpose as requested.

As plaintiff was advised above, plaintiff may bring a damages claim against defendants in their individual capacity, and he may bring a claim for prospective injunctive relief against defendants in their official capacity.  However, plaintiff may not bring a damages claim against defendants in their official capacity, or the claim will be dismissed.

Plaintiff is reminded that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Second Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

### V.  ORDER

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is GRANTED, for the limited purpose of adding information about whether he is suing defendants in their official and/or individual capacity;

2. The Clerk of Court shall send plaintiff a § 1983 complaint form;

3. Within thirty days from the date of service of this order, plaintiff shall file a second amended complaint;

4. Plaintiff shall caption the second amended complaint "Second Amended Complaint" and refer to the case number 1:06-cv-00865-AWI-SMS-PC; and

5. Plaintiff's failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

**Dated:      February 24, 2009**               /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE