# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PARTIDA GAONA, | CASE NO. 1:06-cv-00865-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND GRANTING MOTION FOR SIXTY DAY EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT |
| v. | |
| KUSHNER, et al., | |
| Defendants. | (Doc. 32) |

Plaintiff Martin Partida Gaona is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 8, 2010, the Court dismissed Plaintiff's second amended complaint, with leave to file a third amended complaint within thirty days. On August 16, 2010, Plaintiff filed a motion for the appointment of counsel and what the Court construes as a motion for a sixty day extension of time to file a third amended complaint.

I.   **Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. For the foregoing reasons, Plaintiff's motion for the appointment of counsel is denied.

**II.     Extension of Time**

Plaintiff is granted a sixty day extension of time to file a third amended complaint in compliance with the Court's order of July 8, 2010.

**III.    Bias**

Finally, Plaintiff is admonished regarding his baseless accusations of bias against the Court, which apparently stem from his disagreement with the order finding his second amended complaint fails to state a claim upon which relief may be granted. E.g., Pesnell v. Arsenault, 543 F.3d 1038. 1043-44 (9th Cir. 2008) (mere disagreement with ruling will not support motion for recusal based on bias). If Plaintiff persists in impugning the integrity of the Court with meritless accusations, he will find himself facing sanctions.

**IV.    Order**

As set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is DENIED, without prejudice; and
2. Plaintiff's motion for a **sixty (60) day** extension of time to file a third amended complaint is GRANTED.

IT IS SO ORDERED.

Dated:    August 17, 2010          /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE