1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**

8                 EASTERN DISTRICT OF CALIFORNIA

9
10   MARTIN PARTIDA GAONA,                 CASE NO. 1:06-cv-00865-SMS PC

11                     Plaintiff,          ORDER DISMISSING ACTION, WITH
                                           PREJUDICE, FOR FAILURE TO STATE A
11        v.                               CLAIM, AND DIRECTING CLERK'S OFFICE
                                           TO ENTER JUDGMENT
12   KUSHNER, et al.,
13                                         (Doc. 34)
                     Defendants.
14                                         ORDER COUNTING DISMISSAL AS A
                                           STRIKE UNDER 28 U.S.C. § 1915(G)
15   _____/

16
17                            **Screening Order**

     I.     **Procedural History**
18
19          Plaintiff Martin Partida Gaona, a state prisoner proceeding pro se and in forma pauperis, filed

20   this civil rights action pursuant to 42 U.S.C. § 1983 on July 10, 2006.  On May 13, 2008, the Court

21   screened Plaintiff's complaint and dismissed it, with leave to amend.  Plaintiff filed a first amended

22   complaint on July 10, 2008, and a second amended complaint on March 6, 2009.  On July 8, 2010,

23   the Court issued its second screening order, finding that Plaintiff's second amended complaint failed

24   to state a claim upon which relief may be granted.  Because of the "significant change" in the

25   standard to which pleadings are held, Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir.

26   2009), and because it appeared that Plaintiff might be able to cure the deficiencies, the Court granted

27   Plaintiff one final opportunity to amend, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

28   Plaintiff filed his third amended complaint on October 13, 2010, and for the reasons set forth below,

                                            1

1   this action shall be dismissed, with prejudice, for failure to state a claim.

2 **II.**    <u>Screening Requirement</u>

3        The Court is required to screen complaints brought by prisoners seeking relief against a

4 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

5 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

8 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

9 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

10 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

11        A complaint must contain "a short and plain statement of the claim showing that the pleader

12 is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

13 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

14 do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v.</u>

15 <u>Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient

16 factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at

17 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). Facial plausibility demands more than the mere

18 possibility that a defendant committed misconduct, <u>Iqbal</u> at 1950, and while factual allegations are

19 accepted as true, legal conclusion are not, <u>id.</u> at 1949.

20 **III.**    <u>Plaintiff's Eight Amendment Medical Care Claims</u>

21        Plaintiff, who is currently incarcerated at Salinas Valley State Prison in Soledad, brings this

22 action against Defendants Kushner, Benyamah, Salazar, Matter, Harper, Brewer, Hayden, Duel,

23 Davis, Mantaras, Maegan, and Diana, all of whom were employed at Pleasant Valley State Prison

24 in Coalinga, where the events at issue occurred. Plaintiff alleges that Defendant Kushner told

25 custody staff Plaintiff was faking his medical conditions, but after several complaints, Plaintiff was

26 diagnosed with pneumonia and Valley Fever. Plaintiff alleges that all of the named defendants

27 denied him medical care, in violation of his rights under the Eighth Amendment of the United States

28 Constitution.

1   ///

2

3       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

4   must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

5   (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

6   test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

7   demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

8   the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

9   deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

10  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

11  Cir. 1997) (en banc) (internal quotations omitted)).   Deliberate indifference is shown by "a

12  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

13  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

14      "A difference of opinion between a prisoner-patient and prison medical authorities regarding

15  treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

16  1981) (internal citation omitted), and a difference of opinion between medical personnel regarding

17  treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.

18  1989).  Plaintiff must allege sufficient facts to support a claim that "the course of treatment the

19  doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this

20  course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90

21  F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

22      Plaintiff's allegations falls short of stating any plausible claims for violation of the Eighth

23  Amendment arising from deficient medical care. Iqbal at 1949-50; Moss at 969.  Plaintiff alleges

24  only that Defendant Kushner accused him of malingering when he was in fact suffering from

25  pneumonia and Valley Fever, and that everyone denied him medical care.  These conclusory

26  allegations are insufficient to support the claim that Defendants knowingly disregarded an excessive

27  risk to Plaintiff's health, Farmer, 511 U.S. at 837, and that Plaintiff suffered further harm as a result,

28  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th

Cir. 1985)).

///

## IV.   Conclusion and Order

Plaintiff's third amended complaint fails to state a claim upon which relief may be granted. Plaintiff was previously given notice of the deficiencies and an opportunity to amend, but he was unable to cure the deficiencies.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Therefore, further leave to amend is not warranted, and it is HEREBY ORDERED that:

   1.      This action is dismissed, with prejudice, for failure to state a claim;

   2.      The Clerk's Office shall enter judgment; and

   3.      This dismissal shall count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:    October 18, 2010**              _____/s/ Sandra M. Snyder_____
                                              UNITED STATES MAGISTRATE JUDGE